UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES ANTHONY WALKER, ET AL.**  **CIVIL ACTION**

**VERSUS**  **NO. 11-1385**

**OFFICER STEVE DAILEY, ET AL.**  **SECTION I**

ORDER AND REASONS

Before the Court is a motion[1] to stay filed by defendants, Officer Steve Dailey and Officer David Williams. An opposition[2] has been filed by plaintiffs, Charles Anthony Walker and Gary L. Conley. For the following reasons, defendants' motion to stay is **GRANTED**.

*BACKGROUND*

Plaintiffs allege that around 11:00 pm on January 6, 2011, they were driving to Conley's home in Walker's work truck when a K-9 unit pulled up behind them and turned on its lights to pull the truck over.[3] Walker alleges that he did not immediately stop because he had committed no crime and there was no cause to stop him.[4] Instead, he drove a short distance to a friend's house and turned into the driveway.[5] The officers yelled for the men to get out of the vehicle.[6] Walker and Conley got out of the truck and laid on the ground.[7] Walker claims that a police dog attacked him without warning while he was laying on the ground.[8] While the dog was biting his leg through his thermal suit, jeans, and steel-toed leather boots, Walker claims defendants were

---

[1] R. Doc. No. 24.
[2] R. Doc. No. 27.
[3] R. Doc. No. 1.
[4] R. Doc. No. 1.
[5] R. Doc. No. 1.
[6] R. Doc. No. 1.
[7] R. Doc. No. 1.
[8] R. Doc. No. 1.

1

yelling racial slurs and continuing to order him to get on the ground.[9] Conley claims that the officers knew he was having chest pains and difficulty breathing but would not release him to get medical treatment.[10]

The officers allegedly found a pill and a vitamin bottle during the incident and arrested both men.[11] Walker was originally charged with obstruction of justice, possession with intent to distribute, or distribution of a schedule II drug, and three counts of aggravated flight from an officer.[12] The District Attorney for the 21st Judicial District of Louisiana rejected the charges due to insufficient evidence to prosecute.[13] However, Walker was later charged with one count of resisting an officer and one count of flight from an officer.[14] Conley was charged with possession of a schedule II controlled dangerous substance.[15] The criminal charges against Walker and Conley are currently pending and have not been resolved.[16]

Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983 asserting that defendants, under color of law, violated their Fourth and/or Fourteenth Amendment rights to be free from the use of excessive force while being seized and/or detained.[17] Plaintiffs also assert the Fifth and/or Fourteenth Amendment right to be free from malicious prosecution and false imprisonment where the state provides no adequate post-deprivation remedy.[18] Plaintiffs further seek relief under state tort law.[19] Defendants now move to stay these proceedings pending resolution of the criminal charges brought against plaintiffs.[20]

---

[9] R. Doc. No. 1.
[10] R. Doc. No. 1.
[11] R. Doc. No. 1.
[12] R. Doc. No. 27.
[13] R. Doc. No. 27.
[14] R. Doc. No. 24; R. Doc. No. 27.
[15] R. Doc. No. 24.
[16] R. Doc. No. 24.
[17] R. Doc. No. 1.
[18] R. Doc. No. 1.
[19] R. Doc. No. 1.
[20] R. Doc. No. 24.

*LAW AND ANALYSIS*

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the U.S. Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  However, plaintiff is currently awaiting trial on the charges, and the Supreme Court has held that *Heck* does not bar "an action which would impugn *an anticipated future conviction*." *Wallace v. Kato,* 549 U.S. 384, 393 (2007) (emphasis in original).  Nevertheless, the Supreme Court made clear that it was not instructing federal courts to forge ahead with cases in which similar considerations exist.  Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94 (citations omitted).

A stay of these proceedings is appropriate pending the resolution of the criminal charges brought against plaintiffs.  As this Court previously stated in *Wilson v. Dailey*,

> Based on the Supreme Court's instructions, in order to determine whether plaintiff's claims might be barred by *Heck,* this Court is required to conduct a fact-specific analysis to determine whether success on her excessive force claim would require negation of an element of the criminal offenses with which she is charged, or proof of a fact that is inherently inconsistent with a conviction on one of the underlying criminal charges.

Civil Action No. 11-117, 2011 WL 2637183, at *2 (E.D. La. July 6, 2011) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)).

In *Wilson*, this Court stayed excessive force proceedings brought against Officer Steve Dailey and Officer David Williams pending the resolution of criminal charges brought against the plaintiff for resisting arrest and simple assault. *Wilson*, 2011 WL 2637183, at *1-*2.  As in *Wilson*, a conviction on one of the resisting arrest charges brought against plaintiff, Walker, might prohibit recovery with respect to his excessive force claim because the conviction might imply that the use of force by the officers was reasonable under the circumstances.  *See Wilson*, 2011 WL 2637183, at *2 (citing *Caldwell v. Lambert*, No. 10-526, 2010 WL 3036041, at *3 (W.D. La. June 30, 2010); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996) (holding that *Heck* barred plaintiff's claim for excessive force "because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.")).

Furthermore, as in *Wilson*, a stay of the proceedings would be appropriate because the precise facts underlying Walker's pending criminal charges have not yet been determined and it would be premature to determine whether or not Walker's claim is barred under *Heck*. *See*

*Wilson*, 2011 WL 2637183, at *2 (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("The court may-indeed should-stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Quinn v. Guerrero*, No. 09-166, 2010 WL 412901, at *4 (E.D. Tex. Jan. 28, 2010) (ordering a stay of plaintiff's § 1983 claims because "[u]ntil the criminal matters are concluded . . . the Court cannot determine which claims-if any-are barred by Heck.")).

The Court acknowledges that a conviction on the possession of a schedule II controlled dangerous substance charge brought against plaintiff, Conley, would not necessarily prohibit recovery with respect to his excessive force claims. *See Whitmore v. Harrington*, 204 F.3d 784, 784-85 (8th Cir. 2000) (holding that success of plaintiff's unlawful-investigative stop claim would not necessarily imply invalidity of subsequent drug conviction). However, Walker's claims and Conley's claims comprise a single lawsuit arising from the same incident and the interest of justice and judicial economy would be disserved by allowing Conley to litigate his claims against defendants while the case is stayed with respect to Walker.

Accordingly,

**IT IS ORDERED** that the motion to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**. Either party may move to re-open the case within thirty (30) days of the final disposition of the criminal charges currently pending against Walker.

New Orleans, Louisiana, October  31st, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

5